UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN JOINER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7144** |
| **OFFICER TAYLOR LEWIS, ET AL.** | **SECTION "R"(4)** |

### ORDER AND REASONS

Plaintiff John Joiner filed a **Motion for Appointment of Counsel (ECF No. 11)** in which he requests appointment of counsel to assist him in this *in forma pauperis* civil rights case brought under 42 U.S.C. § 1983. In his *pro se* complaint, Joiner claims that his jaw was broken during a traffic stop by defendants, Officers Taylor Lewis and Clarence Cloud, while he was restrained in handcuffs. ECF No. 1, ¶IV, at 5. He claims that he was taken to the hospital and given a follow-up appointment to see a surgeon. However, once in the St. Tammany Parish Jail, he was denied the follow-up appointment and refused treatment to repair his jaw which has resulted in chronic pain in his jaw, constant headaches, and difficulty eating and speaking.

The motion was scheduled for submission on February 14, 2024, and Joiner was ordered to provide additional information related to his alleged need for counsel and efforts to obtain counsel on his own. ECF No. 12. In his response, Joiner indicates that his state criminal defense attorney agreed to assist him in his efforts to retain counsel to assist with this federal civil rights case. He claims that, as his filing deadline approached, he was unable to contact his criminal defense attorney or otherwise retain counsel. ECF No. 17.

A plaintiff in a civil rights case has no right to the automatic appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A district court, in its discretion, may appoint counsel to represent a plaintiff in a § 1983 proceeding "if doing so would advance the proper administration of justice." *Id*. at 213. Thus, the court is not required to appoint counsel for an

indigent plaintiff in a civil lawsuit unless exceptional circumstances warrant the appointment. *Pena v. Brown*, 637 F. App'x 162 (5th Cir. 2016) (counsel is only appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). The Court considers the following factors when ruling on a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (quoting *Murphy v. Kellar*, 950 F.2d 290, 293 n.14 (5th Cir. 1992)); *Dung Ngoc Huynh v. Baze*, 317 F. App'x 397, 399 (5th Cir. 2009) (citing *Parker*, 978 F.2d at 193).

There are no exceptional circumstances in Joiner's case. Excessive force and medical indifference claims, like those in this case, are not considered complex or exceptional circumstances to require assistance of counsel. *See*, *e.g.*, *Lewis v. Brengesty*, 385 F. App'x 395, 397 (5th Cir. 2010) (affirming denial of counsel in § 1983 action alleging excessive force); *see also, Kiser v. Dearing*, 442 F. App'x 132, 135 (5th Cir. 2011) ("[T]he legal contours of excessive force claims are well-established and not particularly complex."). Joiner's case likely will involve mostly factual questions and possible conflicting testimony, as is the nature of litigation. However, such conflicts are not indicative of unusual or exceptional circumstances requiring assistance of counsel. *See James v. Gonzalez*, 348 F. App'x 957, 958 (5th Cir. 2009) ("conflicting testimony" are among the "common elements in civil rights cases" and does not necessarily "rise to the level of exceptional circumstances."). His claims, though serious as alleged, are not complex in circumstance or presentation.

Furthermore, assuming this matter proceeds to trial, any litigant could potentially benefit from assistance with "conducting discovery[] and engaging in cross-examination," but these incidents do not create exceptional circumstances for purposes of appointing counsel. *Carter v. Allen*, 762 F. App'x 827, 836 (11th Cir. 2019). Joiner has adequately stated his claims and demonstrates an ability to file motions, pleadings, and responses on his own behalf. The record presents no circumstance that would warrant appointment of counsel at this time. Should the case develop where the judicial process would benefit from Joiner having counsel, the Court can evaluate any change of circumstance at that time. *Ulmer*, 691 F.2d at 213. Accordingly,

**IT IS ORDERED** that Joiner's **Motion for Appointment of Counsel (ECF No. 11)** is **DENIED**.

New Orleans, Louisiana, this  16th  day of February, 2024.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**