UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN JOINER                                                          CIVIL ACTION

VERSUS                                                               NO. 23-7144

OFFICER TAYLOR LEWIS, ET AL.                                         SECTION "R"(4)

## ORDER AND REASONS

Plaintiff John Joiner filed a Motion for Leave to Amend (ECF No. 27) seeking to add additional defendants, Nurse Practitioner Kenneth Pitcher and CorrectHealth, he claims are also liable for his pain and suffering as a result of inadequate medical care. Defendants have not filed oppositions.

Generally, Fed. R. Civ. Proc. 15(a) governs the amendment of pleadings before trial. Rule 15(a)(2) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." "Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn-Lea Travel Corp. v. American Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id*.

In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). When addressing a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id*. (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

In this case, Joiner seeks to add Nurse Practitioner Kenneth Pitcher and CorrectHealth as additional parties responsible for his alleged inadequate medical care and the resultant pain and suffering. The current named medical defendants, Drs. Ham and Gore, have suggested in their pleadings that the local CorrectHealth staff were the parties responsible for Joiner's care in connection with his broken jaw and any related pain. *See* ECF No. 25. However, Joiner has not provided any factual basis for naming these defendants in his case. To state a claim of medical indifference would require more than just identifying names of medical providers at the jail. He would be required to state a basis for naming these particular parties sufficient to state a claim of intentional medical indifference. *See Estelle v. Gamble*, 429 U.S. 97 (1976).

Considering Rule 15(a) and the relevant factors, the Court finds no good cause to allow Joiner to amend his complaint to add Nurse Practitioner Kenneth Pitcher and CorrectHealth as defendants without factual allegations sufficient to state a claim against each of them. Accordingly,

**IT IS ORDERED** that John Joiner's **Motion for Leave to Amend (ECF No. 27)** is **DENIED** without prejudice.

New Orleans, Louisiana, this __22nd__ day of April, 2024.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**