UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN JOINER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7144** |
| **OFFICER TAYLOR LEWIS, ET AL.** | **SECTION "R"(4)** |

## ORDER AND REASONS

Plaintiff John Joiner has filed another Motion for Leave to Amend (ECF No. 40) again seeking to add additional defendants, Nurse Practitioner Kenneth Pitcher and CorrectHealth, as "responsible for the causation of pain and suffering of the plaintiff and should share liability with Dr. Gore and Dr. Ham." *Id*. at 1. Joiner continues in the motion to reference various parts of the medical records, none of which refer to either of the proposed new defendants. *Id*. at 2. He also summarizes his existing claims and arguments against the St. Tammany Parish jail medical supervisors. *Id*. at 4.

As he was so advised in the Court's order denying his prior motion, Fed. R. Civ. Proc. 15(a) "requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn-Lea Travel Corp. v. American Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When addressing a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id*. (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

As he did in his prior motion, Joiner seeks to add Pitcher and CorrectHealth as additional defendants to share responsibility for the alleged inadequate medical care by Drs. Gore and Ham and the resultant pain and suffering for his jaw. However, Joiner still has provided no factual allegations, action, or inaction to support naming these two particular parties as defendants. Nothing in his motion or incorporated records summaries address any role, action, inaction, or basis for liability for either Pitcher or CorrectHealth. As he was instructed in the Court's prior order, to state a claim of medical indifference against a medical care provider would require more than just pulling names from medical records. Joiner would be required to state a factual basis for naming the particular party sufficient to state a claim of intentional medical indifference. *See Estelle v. Gamble*, 429 U.S. 97 (1976). He has not done so for either Pitcher or CorrectHealth, leaving his conclusory assertions futile and insufficient to warrant amendment.

Considering Rule 15(a) and the relevant factors, the Court finds no good cause to allow Joiner to amend his complaint to add Nurse Practitioner Kenneth Pitcher and CorrectHealth as defendants without factual allegations sufficient to state a claim of medical indifference or other grounds for liability against each of them. Accordingly,

**IT IS ORDERED** that John Joiner's **Motion for Leave to Amend (ECF No. 40)** is **DENIED** without prejudice.

New Orleans, Louisiana, this   7th   day of May, 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**