UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN JOINER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7144** |
| **OFFICER TAYLOR LEWIS, ET AL.** | **SECTION "R"(4)** |

**REPORT AND RECOMMENDATION**

Plaintiff John Joiner, a pretrial detainee housed in the St. Tammany Parish Jail ("STPJ"), filed an *ex parte* **Motion for Emergency Temporary Restraining Order and/or Preliminary Injunction (ECF No. 42)** seeking "injunctive relief necessary to prevent permanent damage to his jaw fracture." ECF No. 42, at 3. The motion and underlying matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).[1] Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing and without need for a response from defendants.

**I.    Background**

    **A.    Plaintiff's Complaint**

Joiner filed this *pro se* and *in forma pauperis* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 against Dr. Gore, Dr. Ham, and two St. Tammany Parish Sheriff's Deputies, Taylor Lewis and Chance Cloud, alleging that he suffered a broken jaw during his arrest by the deputies on January 20, 2023. *Id*., ¶III(B)-(E), at 5; *id*., ¶IV, at 5. In relevant part, Joiner claims that after

---

[1] Without consent of the parties, a magistrate judge is without jurisdiction to issue a dispositive order on a motion for temporary restraining order and preliminary injunction. *Ritter v. Cook*, 45 F. App'x 325, 2002 WL 1899582, at *2 (5th Cir. 2002) (citing *Withrow v. Roell*, 288 F.3d 199, 204-05 (5th Cir. 2002) (holding that magistrate judge must secure consent of all parties before acting pursuant to 28 U.S.C. § 636(c))).

his arrest, he was taken to the St. Tammany Hospital emergency room and given a follow-up appointment with a surgeon. *Id*. After that visit, Joiner alleges that he was taken to STPJ where he has since been denied a follow-up appointment with a surgeon. *Id*. He further alleges that the medical staff at STPJ have refused to provide him treatment to repair his jaw. *Id*. Joiner claims that this has resulted in chronic jaw pain, constant headaches, and extreme difficulty eating and speaking. *Id*. As a result of this medical indifference, Joiner seeks compensatory damages for his future medical expenses to repair his jaw and for pain and suffering from the time of the incident until his jaw is repaired. *Id*., ¶V, at 6.

    **B.**     **Joiner's Motion for Temporary Restraining Order ("TRO") and/or Preliminary Injunction ("PI") (ECF No. 42)**

Under a broad reading of the motion, Joiner argues that he is entitled to injunctive relief under Fed. R. Civ. P. 65 because he is still experiencing pain as a result of his broken jaw and the medical staff at STPJ has unilaterally determined that he does not need corrective surgery. ECF No. 42, ¶I, at 1. Joiner contends that he is likely to succeed on the merits of his medical indifference and inadequate medical care claims because the pain management regimen provided did not counteract the cancellation or delay of his plastic surgery. *Id*., ¶III, at 2. He also argues that he suffered irreparable injury because, as he believes, his jaw will have to be rebroken to repair the fracture that has now improperly healed. *Id*. at ¶IV. Joiner claims that there has been no balance of equity since he has suffered the irreparable injury. *Id*. at ¶V. He further claims that the public interest will not be effected by the grant of his injunctive relief by sending him to an independent private contractor for required medical care. *Id*., ¶VII, at 3.

## II.     **Standard of Review**

An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). An injunction is to be the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Furthermore, in the prison setting, requests for injunctive relief are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances," the "federal courts are reluctant to interfere" with matters of prison administration and management, including prison discipline and classification of inmates." *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

In addition, injunctive relief is designed to prevent future violations, not to punish a defendant for alleged past behavior. *SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978); *see also Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998) ("[t]o pursue an injunction…the [plaintiff] must allege a likelihood of future violations of their rights by [the defendants] not simply future effects from past violations."). For these reasons, "[s]peculative injury is not sufficient." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); *Janvey v. Alguire*, 647 F.3d 585, 601 (5th Cir. 2011).

A plaintiff seeking an injunction must show that (1) there is a substantial likelihood the party will prevail on the merits of his claims; (2) he has suffered an irreparable injury for which remedies available at law, such as monetary damages, are inadequate to compensate; (3) a remedy

3

at equity is warranted when considering the balance of hardships between the plaintiff and defendant; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *United Motorcoach Assoc., Inc. v. City of Austin*, 851 F.3d 489, 492-93 (5th Cir. 2017). Injunctive relief should only be granted if the party seeking the injunction has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

In keeping with this, Fed. R. Civ. P. 65 sets forth the basic framework for the issuance of a preliminary injunction or temporary restraining order. Under this rule, a preliminary injunction may issue *inter alia* "only on notice to the adverse party." FED. R. CIV. P. 65. For a temporary restraining order to be issued under Rule 65 without notice to all parties, a plaintiff is required to present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to [plaintiff] before the adverse party can be heard in opposition." The plaintiff also must certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Proc. 65 (b)(1).

**III.   Discussion**

Joiner has provided no basis for the issuance of a TRO or PI in this case, and instead re-argues the merits of the inadequate medical care claims presented in his complaint. Accepting his allegations in the complaint as true, as embellished by the motion, Joiner contends that immediately after his jaw was broken on January 25, 2023, emergency room personnel scheduled him with an appointment to see a surgeon to repair his jaw. Joiner claims that he received some pain medication and attention at STPJ, but he was not taken to the surgery appointment, his jaw eventually improperly healed, and he is still experiencing pain.

4

Joiner does not state exactly what relief he seeks through an injunction. Under the broadest reading of his motion, the Court can only assume that he is seeking an order that he be provided with an appointment to see a surgeon, or outside provider other than prison personnel, to examine the condition of his jaw. Considering the factors listed above, Joiner has not met his burden to warrant issuance of a TRO or PI at this time. While Joiner's burden is to meet all four of the factors, the Court will only address two of those factors that clearly demonstrate why Joiner's motion must be denied.

Joiner has not provided sufficient information in this motion for the Court to determine that he is likely to succeed on the merits of his claims of medical indifference, which were brought against two supervisory and/or treating physicians at the jail who are not mentioned in this motion.[2] In terms of medical care in a prison, deliberate indifference is manifested in the provider's intentional denial of medical care or intentional interference with the treatment once prescribed. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). To state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency." *Id*.

Joiner acknowledges in the motion that he has received and is receiving medical attention at the jail, including a pain management regimen. He complains, however, that critical medical decisions were made by the STPJ medical staff without his input or agreement. This type of disagreement with the course of treatment provided is insufficient to succeed on the merits of a § 1983 claim for medical indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (mere disagreement with medical treatment is insufficient to state a claim of deliberate

---

[2] The named defendants, Drs. Gore and Ham, have submitted a motion to dismiss which is under review by the Court. The Court does not here comment on the merits, *vel non*, of that motion.

indifference). Joiner also has not alleged that these decisions were made to deliberately cause him harm or deprive him of necessary care. He instead claims, under a broad reading, that it is not what the emergency room doctor ordered and is not something with which he agrees.

Joiner also contends that his jaw is now improperly healed and still causing him pain. While his claims of discomfort and pain are unfortunate, none of his complaints in the motion establish an irreparable injury of the type that would warrant a TRO or PI. A party's injury, whether emotional or physical, is not irreparable for purposes of Rule 65 if an adequate alternate remedy in the form of monetary damages is available. *Brennan's, Inc. v. Brennan*, 289 F. App'x 706, 707 (5th Cir. 2008); *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981) (irreparable harm means an injury which cannot be adequately addressed by a monetary award). Should the Court ultimately determine that the named defendants were intentionally indifferent to a serious medical need, Joiner's pain and discomfort can be redressed with monetary compensation. As Joiner himself notes, if he can establish that his jaw has improperly healed, there is a possibility of surgical repair and compensation if there has been an unconstitutional indifference to his care. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975).

For the foregoing reasons, Joiner has failed to meet his burden and his motion for issuance of a TRO or PI should be denied.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff John Joiner's **Motion for Emergency Temporary Restraining Order and/or Preliminary Injunction (ECF No. 42)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 21st day of May, 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.