UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN JOINER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7144** |
| **OFFICER TAYLOR LEWIS, ET AL.** | **SECTION "R"(4)** |

## ORDER AND REASONS

Plaintiff John Joiner filed a second *ex parte* **Motion for Appointment of Counsel (ECF No. 33)** requesting that counsel be appointed to assist him in this *in forma pauperis* civil rights case brought under 42 U.S.C. § 1983. Joiner sued defendants Officers Taylor Lewis and Clarence Cloud, alleging the use of excessive force during his arrest which resulted in a broken jaw, and Drs. Ham and Gore, alleging the denial of adequate follow-up medical care for his jaw. ECF No. 1, ¶IV, at 5. In his motion, Joiner claims that he needs counsel to assist in timely filing pleadings and because the inmate helping him was released from jail. ECF No. 33, at 1.

The Court scheduled the motion for submission for May 22, 2024, and ordered Joiner to provide additional information as to his need for counsel and his efforts to obtain counsel. ECF No. 39. In his response, Joiner states that he wrote to at least three attorneys and received one refusal letter and no other responses. ECF No. 44; ECF No. 44-1, at 1-2. In an opposition, defendants Lewis and Cloud argue that appointment of counsel is unnecessary because the case should be stayed pending the outcome of Joiner's underlying state criminal charges. ECF No. 43.

As the Court has already advised Joiner, a plaintiff in a civil rights case has no right to automatic appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Appointment of counsel in a § 1983 case is at the discretion of the court when doing so "would advance the proper administration of justice." *Id*. at 213. Appointment of counsel is only considered when exceptional circumstances exist that warrant the appointment. *Pena v. Brown*,

637 F. App'x 162 (5th Cir. 2016) (counsel is only appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). The Court looks to several factors when considering a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is able to present his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (quoting *Murphy v. Kellar*, 950 F.2d 290, 293 n.14 (5th Cir. 1992)); *Dung Ngoc Huynh v. Baze*, 317 F. App'x 397, 399 (5th Cir. 2009) (citing *Parker*, 978 F.2d at 193).

Joiner's case presents no exceptional circumstances that would warrant appointment of counsel at this time. As the Court resolved in the Order denying Joiner's first motion for appointment of counsel, the excessive force and medical indifference claims in this case are not complex and do not involve exceptional circumstances that would require assistance of counsel.

Although for reasons distinct from those urged in defendants' motion to stay, the Court has issued a Report and Recommendation recommending that (only) Joiner's excessive force claims against Lewis and Cloud be stayed until such time as the Court can determine the temporal connexity between Joiner's claims and the relevant pending state criminal charges. If adopted, this ruling reduces the claims at issue before the Court, at least for the time being. Either way, the claims do not involve extensive investigation or complex legal questions to warrant appointment of counsel. *See, e.g.*, *Lewis v. Brengesty*, 385 F. App'x 395, 397 (5th Cir. 2010) (affirming denial of counsel in § 1983 action alleging excessive force); *see also*, *Kiser v. Dearing*, 442 F. App'x 132, 135 (5th Cir. 2011) ("[T]he legal contours of excessive force claims are well-established and not particularly complex.").

As for the medical indifference claims against Drs. Gore and Ham, Joiner's case involves mostly factual questions involving medical records and likely some conflicting testimony, as is the nature of any litigation. The claims and evidentiary conflicts, however, are not unusual or exceptional circumstances requiring assistance of counsel. *See James v. Gonzalez*, 348 F. App'x 957, 958 (5th Cir. 2009) ("conflicting testimony" are among the "common elements in civil rights cases" and does not necessarily "rise to the level of exceptional circumstances."). Joiner's medical indifference claims may be serious as alleged, but the claims are not complex in circumstance or presentation to warrant appointment of counsel at this time.

Although any litigant could benefit from assistance of counsel, the circumstance of this case do not involve an exceptional circumstances for purposes of appointing that counsel. *Carter v. Allen*, 762 F. App'x 827, 836 (11th Cir. 2019). Joiner has adequately stated his claims and demonstrated an ability to file intelligible motions and pleadings on his own behalf. It is not uncommon for an inmate like Joiner to have input from other inmates when preparing pleadings, but the unavailability of inmate assistance does not require appointment of counsel in a civil rights case. Should it become apparent that the judicial process would benefit from appointment of counsel, the circumstances can be evaluated at that time. *Ulmer*, 691 F.2d at 213. Accordingly,

**IT IS ORDERED** that Joiner's **Motion for Appointment of Counsel (ECF No. 33)** is **DENIED**.

New Orleans, Louisiana, this  22nd  day of May, 2024.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE