UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN JOINER                                              CIVIL ACTION

VERSUS                                                   NO. 23-7144

TAYLOR LEWIS, ET AL.                                     SECTION "R" (4)

### ORDER

Plaintiff John Joiner, a state pretrial detainee proceeding *pro se* and *in forma pauperis*, brings suit under 42 U.S.C. § 1983, seeking to recover for alleged medical indifference by supervising medical staff at St. Tammany Parish Jail, where he is incarcerated, and injuries to his jaw allegedly caused by police officers during his arrest.[1] Plaintiff alleges that defendants violated his federal constitutional right to necessary medical care during his detention by failing to adequately treat his broken jaw.[2] Plaintiff moves for a temporary restraining order and preliminary injunction to require correctional facility staff to schedule an appointment with a surgeon for him.[3] On May 22, 2024, Magistrate Judge Karen Roby issued a Report and Recommendation ("R&R"), recommending that plaintiff's motion for injunctive relief should be denied because plaintiff has not established a

---

[1]   R. Doc. 1.
[2]   *Id.*
[3]   R. Doc. 42.

likelihood of success on the merits of the medical indifference claim and has not demonstrated irreparable harm.[4] Plaintiff timely filed an objection to the R&R reiterating the arguments he made in the original motion.[5]

The Court has reviewed *de novo* plaintiff's complaint, the record, the applicable law, the Magistrate Judge's R&R, and plaintiff's objection. The Magistrate Judge correctly determined that plaintiff has not demonstrated a likelihood of success on the merits and has not shown irreparable injury. As to plaintiff's likelihood of success on the merits, "just because a prisoner does not agree that the medical care offered is appropriate, this is not enough to suffice for a claim of deliberate indifference to serious medical needs." *Kennedy v. Potter*, 344 F. App'x 987, 989 (5th Cir. 2009) (noting that plaintiff's disagreement with whether an appointment with a surgeon was necessary "is not enough to establish deliberate indifference"). As Magistrate Judge Roby notes, and as plaintiff acknowledges,[6] he has received medical treatment while in detention, including receiving medication for his pain and appointments with medical providers to evaluate the status of his jaw.

---

[4] R. Doc. 50.
[5] R. Doc. 54.
[6] *See* R. Doc. 42 at 1 (noting that plaintiff has received multiple medical appointments and that jail staff had "independently determined" that surgical fixation of the jaw would not be necessary).

As to irreparable harm, "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). While plaintiff contends that he suffered pain from an improperly healed jaw, and may suffer complications later, the injury to plaintiff's jaw occurred more than a year and a half ago, and plaintiff acknowledges that, if the jaw was improperly healed, a surgeon may repair it at a later date. *See Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation."); *Tate v. Bankston*, 988 F.2d 1212 (5th Cir. 1993) (affirming denial of injunctive relief on medical indifference claim when the prisoner did "not state any specific instances in which his life was in danger"). Further, if plaintiff succeeds on his medical indifference claim, he may seek injunctive relief for an appointment with a surgeon after an adjudication of the case on the merits. *See Rhinehart v. Scutt*, 509 F. App'x 510, 514 (6th Cir. 2013) (holding that prisoner was not entitled to injunctive relief on medical indifference claim for appointment to see liver specialist because prisoner "was receiving some medical care," and "waiting for an adjudication on the merits will not irreparably harm" prisoner).

3

Plaintiff's objection is thus overruled, and his motion for injunctive relief is denied for the reasons given in the Magistrate Judge's well-reasoned R&R. *Cf. Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (stating there is no requirement that the district court reiterate the findings of the Magistrate Judge).

Accordingly, the Court OVERRULES plaintiff's objection, APPROVES and ADOPTS the Magistrate Judge's Report and Recommendation, and DENIES plaintiff's motion for a temporary restraining order and preliminary injunction.

New Orleans, Louisiana, this __26th__ day of June, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE