UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN JOINER | CIVIL ACTION |
| VERSUS | NO. 23-7144 |
| TAYLOR LEWIS, ET AL. | SECTION "R" (4) |

## ORDER

Plaintiff John Joiner, a state pretrial detainee proceeding *pro se* and *in forma pauperis*, brings suit under 42 U.S.C. § 1983, seeking to recover for alleged deliberate indifference by supervising medical staff at St. Tammany Parish Jail, where he is incarcerated, and for injuries to his jaw allegedly caused by police officers during his arrest. Plaintiff alleges that defendants violated his federal constitutional right to necessary medical care during his detention by failing to adequately treat his broken jaw.[1] Defendants Samuel Gore and Jose Ham, supervising doctors at plaintiff's correctional facility, now move to dismiss plaintiff's deliberate indifference claims against them based on plaintiff's medical records.[2] On May 14, 2024, Magistrate Judge Karen Roby issued a Report and Recommendation ("R&R"), recommending that defendant's motion to dismiss be denied because the Court cannot

---

[1]   R. Doc. 1.
[2]   R. Doc. 25.

consider the medical records at the motion to dismiss stage, and plaintiff adequately stated a claim on the face of his complaint.³   Defendants timely filed an objection to the R&R's finding that the Court cannot consider the medical records.

The Court applies *de novo* review to the parts of the R&R to which defendants objected.  Fed. R. Civ. P. 72(b)(3).  The Court is limited to plain-error review of any part of the R&R not subject to a proper objection. *Starns v. Andrews*, 524 F. 3d 612, 617 (5th Cir. 2008).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  But the Court may consider "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

While the medical records attached to defendant's motion to dismiss are central to plaintiff's claims of deliberate indifference because they demonstrate the care that plaintiff has received while in custody, they are not

---

³   R. Doc. 45.

2

referred to in plaintiff's complaint.[4] Defendants contend that plaintiff's complaint refers to his medical records when it refers to medical appointments and treatments that he has received.[5] But the complaint alleges only that plaintiff was taken to the emergency room and given an appointment with a surgeon that was not kept.[6] There are no references to documents associated with the emergency room visit or the surgical appointment, and plaintiff's complaint does not specifically refer to any medical records. *See Lopez v. Kendall*, No. 22-50411, 2023 WL 2423473, at *2 (5th Cir. Mar. 9, 2023) (holding that district court erred in considering a report on a motion to dismiss that was not attached to or specifically referred to in the complaint); *see also Guillot v. Lopinto*, No. 20-1604, 2021 WL 779180, at *7 (E.D. La. Mar. 1, 2021) (considering medical records when plaintiff's complaint referred to material "[o]n the intake screening form").

Defendants also rely on caselaw concerning prisoner complaint screening under 28 U.S.C. § 1915(e)(2)(B) to show that the Fifth Circuit has affirmed district court's dismissals of deliberate indifference complaints when those courts considered medical records attached to the defendants'

---

[4]    *See* R. Doc. 1.
[5]    R. Doc. 52 at 6-7.
[6]    R. Doc. 1 at 4.

3

motions to dismiss.[7] In *Zantiz v. Seal*, the Fifth Circuit declined to consider medical records on a Rule 12(b)(6) motion and noted that, while the defendant cited cases in which the court "considered medical records in reviewing the dismissal of a prisoner's *in forma pauperis* lawsuit as frivolous" or in the context of summary judgment, these contexts were distinct from a motion to dismiss. 602 F. App'x 154, 161 (5th Cir. 2015) ("[Defendant] points to no cases where we have considered medical records at the motion to dismiss stage."). The Court finds that Magistrate Judge Roby was correct that the records cannot be considered in ruling on the motion to dismiss without converting it into a motion for summary judgment. *See Young v. McCain*, 760 F. App'x 251, 254-55 (5th Cir. 2019) (holding that district court "effectively converted the defendants' Rule 12(b)(6) motion into a summary judgment motion" because it "rel[ied], at least in part, on . . . prison medical records in determining that" plaintiff failed to state a claim for deliberate indifference). Thus, the Court overrules defendants' objection to the R&R.

Defendants do not object to Magistrate Judge Roby's recommendation that the allegations in the complaint state a claim for deliberate indifference under 42 U.S.C. § 1983. Accordingly, the Court reviews this

---

7    *See, e.g.,* R. Doc. 52 at 4 n.10.

recommendation for plain error, and finds none. *See Mosley v. Quarterman*, 306 F. App'x 40, 42 n.2 (5th Cir. 2008) (district court may review recommendations in R&R not subject to specific objection under plain error). For the foregoing reasons, the Court adopts Magistrate Judge Roby's R&R as its opinion.

## IV. CONCLUSION

For the foregoing reasons, the Court OVERRULES plaintiff's objections, APPROVES and ADOPTS the Magistrate Judge's Report and Recommendation, DENIES defendant's motion to dismiss.

New Orleans, Louisiana, this __2nd__ day of July, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE