UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN JOINER                                                                CIVIL ACTION

VERSUS                                                                     NO. 23-7144

OFFICER TAYLOR LEWIS, ET AL.                                               SECTION "R"(4)

**O R D E R**

Plaintiff John Joiner filed an *ex parte* **Motion to Compel Discovery and for Scheduling Conference (ECF No. 68)** claiming, under a broad reading, that he is entitled to an order compelling defendants Dr. Jose Ham and Dr. Samuel Gore to respond to discovery he claims to have sent to defendants' counsel on May 23, 2024, and sanctions for the failure to timely respond to his request for discovery. *Id*., ¶I(a)-(d), at 1; *id*., ¶III(a), at 2-3. Joiner also again requests that the Court set a scheduling conference despite having previously denied his first request, because the claims against Drs. Ham and Gore will proceed forward. *Id*., ¶II(a)-(b), at 2. The Court does not require a response from defendants to dispose of this *ex parte* motion.

The Court again points out to Joiner that this case is in the preliminary stages. The defendants Drs. Ham and Gore have not yet filed an answer or responsive pleading to join issue in this case. *See Zaidi v. Ehrlich*, 732 F2d 1218, 1219-20 (5th Cir. 1984) ("The term 'responsive pleading' should be defined by reference to the definition of 'pleading' in Rule 7(a), which includes neither a motion to dismiss nor a motion for summary judgment."); *see also Barksdale v. King*, 699 F.2d 744, 746-47 (5th Cir. 1983) (a motion to dismiss is not an answer or responsive pleading for purposes of Fed. R. Civ. Proc. 15(a)). As a result, the case is not ripe for a scheduling conference. Any such conference will be scheduled at the appropriate time in these proceedings and as the Court's calendar allows. Joiner will be notified by the Court when that occurs.

As for his request to compel discovery, Joiner has failed to meet his pleading burden for the Court to consider the *ex parte* motion any further. As an initial matter, this *pro se* prisoner action is exempted by statute from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1)(B). Even when required, the timing of disclosures is set by the Court. LR 26.1; *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) ("[C]ontrol of discovery is committed to the sound discretion of the trial court . . ."). The Court finds no reason for the parties to be exchanging initial disclosures at this time or for the Court to be notified of any discovery dispute until a disclosure plan is in place under Rule 26, if so ordered by the Court. *See*, *e.g.*, Fed. R. Civ. P. 26(d)(1).

Furthermore, Fed. R. Civ. P. 37 allows a party in certain circumstances to move for an order compelling discovery from another party and provides for sanctions for a party's failure to cooperate in discovery. In particular, Rule 37(a)(3)(B)(iii)-(iv) allows a party seeking discovery to move for an order compelling production of documents where a party fails to respond to a properly presented discovery request. In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Joiner has not provided the required information necessary for the Court to consider his motion. He has not provided any proof that the discovery requests attached to his motion were actually or properly served on counsel for defendants as he contends. More importantly, he also has not certified that he conferred or attempted to confer with the defendants or defendants' counsel as required by Rule 37(a)(1).

A *pro se* litigant, like Joiner, is <u>not</u> exempt from compliance with relevant rules of procedural and substantive law.  *Maloney v. State Farm Fire & Casualty, Co.*, No. 06-9183, 2008 WL 1850774, at * 2 (E.D. La. Apr. 23, 2008) (order adopting report and recommendation) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance of the law.  *Id.*, at *2 (citing *Birl*, 660 F.2d at 593).  Joiner has provided no cause for his failure to comply with the Federal Rules of Civil Procedure before seeking this relief.  Accordingly,

**IT IS ORDERED** that John Joiner's **Motion to Compel Discovery and for Scheduling Conference (ECF No. 68) is DENIED**.

New Orleans, Louisiana, this  11th  day of July, 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**