UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN JOINER | CIVIL ACTION |
| VERSUS | NO. 23-7144 |
| TAYLOR LEWIS, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Plaintiff John Joiner, a state pretrial detainee proceeding *pro se* and *in forma pauperis*, seeks to recover under 42 U.S.C. § 1983 for injuries to his jaw allegedly caused by police officers' excessive use of force during his arrest and for alleged deliberate indifference by supervising medical staff at St. Tammany Parish Jail.  Defendants Taylor Lewis and Chance Cloud now move in their official capacities to stay this action based on (1) immunity; (2) the rule from *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), providing that a district court should stay Section 1983 proceedings when those proceedings would "relate[] to rulings that will likely be made in a pending . . . criminal trial"; or (3) the impracticability of discovery in light of plaintiff's Fifth Amendment privilege stemming from his criminal case.[1]  Plaintiff did not file a response to defendants' motion to stay.  On May 22, 2024, Magistrate Judge Karen Roby issued a Report and Recommendation

---

[1]      R. Doc. 25.

("R&R"), finding that defendants were not entitled to immunity, but recommending that defendants' motion to stay be granted under *Wallace v. Kato*.[2] Defendants timely filed an objection to the R&R, noting their agreement with Magistrate Judge Roby's recommendation that the case be stayed but arguing that the magistrate erred by finding that while defendants filed their motion in their official capacities, they were also sued in their individual capacities. Defendants contend they were sued only in their official capacities.[3] Plaintiff also filed an objection, contending that the case should not be stayed because the officers broke his nose after he was handcuffed and the conduct underlying his criminal charges had ceased, and that he sued defendants both in their individual and official capacities.[4]

The Court applies *de novo* review to the parts of the R&R to which defendants objected. Fed. R. Civ. P. 72(b)(3). The Court is limited to plain-error review of any part of the R&R not subject to a proper objection. *Starns v. Andrews*, 524 F. 3d 612, 617 (5th Cir. 2008).

When a plaintiff files suit under 42 U.S.C. § 1983 based on claims that are "related to rulings that will likely be made in a pending . . . criminal trial[], it is within the power of the district court, and in accord with common

---

[2]  R. Doc. 49.
[3]  R. Doc. 55.
[4]  R. Doc. 53.

practice, to stay the civil action until the criminal case . . . is ended." *Kato*, 549 U.S. at 393-94. This principle follows from the rule that a plaintiff may not bring claims under Section 1983 that would "challeng[e] the validity of outstanding criminal judgments," unless the plaintiff has proven "that the conviction . . . has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In ruling on the motion to stay, the Court is not required to determine whether *Heck* will apply to bar plaintiff's claims. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (holding that district court "should [] stay proceedings in the . . . case until the pending criminal case has run its course" even though "it [was] simply premature to determine whether . . . [plaintiff's] claims [were] barred under *Heck*"). Instead, the Court should stay the Section 1983 proceedings if they "*may* ultimately be barred by *Heck*," even if it would be premature to rule on the applicability of the *Heck* bar. *Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019) (emphasis added).

Magistrate Judge Roby found that "there is some inevitable entanglement between the crimes charged and Joiner's excessive force claim," and that, while the parties have not provided enough information to determine whether the *Heck* bar applies to plaintiff's claims, "the most

3

prudent action for the Court to take is to grant the stay."[5] Although plaintiff did not oppose the motion to stay, he contends in his objections to the R&R that there is no possibility that *Heck* will bar his excessive force claims because the conduct underlying his criminal charges—including counts for resisting a police officer with force or violence, simple escape by intentional departure of a person from the place of legal confinement, and misdemeanor battery of a police officer—had ceased before Officers Cloud and Lewis broke his nose after he had been handcuffed.[6] *See Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008) (holding that plaintiff's excessive force claims were not barred by *Heck* because the conduct giving rise to her claims occurred after the conduct giving rise to her criminal charges). First, "issues raised for the first time in an objection to a report and recommendation," but not raised in a response to a motion which is the subject of the report and recommendation, are "not properly before the district court." *Brown v. City of Cent.*, No. 23-30146, 2024 WL 546340, at *7 (5th Cir. Feb. 12, 2024). Second, plaintiff's self-serving timeline of his arrest, without any corroborating evidence, does not change the fact that his claims "may ultimately be barred by *Heck*," *Hopkins*, 783 F. App'x at 355, because the

---

5   R. Doc. 49 at 13.
6   R. Doc. 53 at 1-2.

issue of the lawfulness of any force used by Officers Cloud and Lewis "may relate[] to rulings that will likely be made in" plaintiff's pending criminal trial for resisting a police officer with force or violence, escape by intentional departure from the place of legal confinement, and misdemeanor battery of a police officer. *Kato*, 549 U.S. at 393-94; *see Knox v. City of Gautier*, No. 21-60259, 2021 WL 5815923, at *4 (5th Cir. Dec. 7, 2021) (discussing the "framework for examining a temporal [*Heck*] argument" based on the timing of an arrest and the conduct underlying criminal charges). Accordingly, the Court finds that the case should be stayed and adopts the R&R as its opinion with respect to the stay under *Wallace v. Kato*.

Because the Court finds that the case should be stayed as to defendants Cloud and Lewis under *Wallace v. Kato* based on the relationship between the issues involved in his excessive force claims and his criminal charges, the Court does not reach the issue of whether defendants were sued in their official or individual capacities, and does not adopt the R&R as to these issues. The stay applies whether or not defendants are sued in both capacities in the interests of judicial economy and efficiency. *See Norwood v. Michigan Dep't of Corr.*, 67 F. App'x 286, 288 (6th Cir. 2003) ("The capacity in which [plaintiff] sued the defendants does not matter because his claims were barred by *Heck*."); *Darnell v. Sabo*, No. 19-871, 2022 WL

16577866, at *5 (N.D. Tex. Nov. 1, 2022) ("The Supreme Court's holding in Heck, however, applies to bar claims against defendants in both their individual and official capacities.").

I.  **CONCLUSION**

For the foregoing reasons, the Court OVERRULES plaintiff's objections to the Magistrate Judge's Report and Recommendation with respect to the issuance of a stay, and APPROVES and ADOPTS the Report and Recommendation on this issue. The Court GRANTS defendants' motion to stay.

IT IS FURTHER ORDERED that plaintiff's excessive force claims against defendants Lewis and Cloud are STAYED and that, within 60 days from finality of Joiner's conviction or a favorable disposition of the state criminal charges for resisting a police officer with force or violence, simple escape by intentional departure of a person from the place of legal confinement, and misdemeanor battery of a police officer, either plaintiff or these defendants may move to reopen the matter for further proceedings consistent with *Heck v. Humphrey*, 512 U.S. 477 (1994).

New Orleans, Louisiana, this __17th__ day of July, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE