UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN JOINER                                              CIVIL ACTION

VERSUS                                                      NO. 23-7144

TAYLOR LEWIS, ET AL.                            SECTION "R" (4)

## ORDER AND REASONS

Before the Court is plaintiff's motion for reconsideration of the Court's order denying his application for a temporary restraining order and preliminary injunction.[1]  For the following reasons, the Court denies the motion.

## I.    BACKGROUND

Plaintiff John Joiner, a state pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 seeking to recover for injuries to his jaw allegedly caused by police officers' excessive use of force during his arrest and for alleged deliberate indifference by supervising medical staff at St. Tammany Parish Jail.  In May 2024, plaintiff filed an application for a temporary restraining order and preliminary injunction requiring staff at the St. Tammany Parish Jail to bring plaintiff before a

---

[1]    R. Doc. 69.

surgeon to examine his jaw.[2]  Magistrate Judge Karen Roby issued a Report and Recommendation ("R&R"), recommending the Court deny the application.[3]   Plaintiff filed timely objections to the R&R.[4]   The Court reviewed the record *de novo*, overruled plaintiff's objections, adopted the R&R as its opinion, and denied plaintiff's application for a temporary restraining order and preliminary injunction.[5]   Plaintiff now moves for reconsideration of the order denying his application for injunctive relief, contending that the Court erred in concluding that he failed to demonstrate likelihood of success on the merits and a substantial threat of irreparable harm.[6]

The Court considers the motion below.

## II.   LAW AND ANALYSIS

Motions for reconsideration directed at interlocutory orders rather than final judgments are analyzed under Federal Rule of Civil Procedure 54(b).  *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Because the Court's order denying plaintiff's application for injunctive relief

---

[2]     R. Doc. 42.
[3]     R. Doc. 50.
[4]     R. Doc. 54.
[5]     R. Doc. 64.
[6]     R. Doc. 69.

"adjudicate[d] fewer than all the claims" in the action and "d[id] not end the action," it is an interlocutory order, and Rule 54(b) governs the motion for reconsideration.  Fed. R. Civ. P. 54(b) (providing that such an order "may be revised at any time before the entry of a [final] judgment"); *see also Providence Title Co. v. Truly Title, Inc.*, No. 21-147, 2021 WL 5003273, at *2 (E.D. Tex. Oct. 28, 2021) (holding that Rule 54(b) governed motion for reconsideration of order issuing preliminary injunction).  Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of substantive law."  *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

Plaintiff contends that the Court should reconsider its denial of his application for injunctive relief because the Court erred in finding that he failed to demonstrate a likelihood of success on the merits and a threat of irreparable harm.[7]  As to likelihood of success on the merits, plaintiff argues that he has demonstrated more than simple disagreement with the treatment plan created by jail doctors because the doctor who saw him at the emergency

---

[7]      R. Doc. 69 at 1.

room recommended he see a specialist within a week after his visit.[8]  But a treating physician's decision "not [to] follow the treatment recommendation of another physician ... does not establish deliberate indifference." *Ducksworth v. Macmurdo*, 809 F. App'x 249, 250 (5th Cir. 2020) (per curiam); *see also Zaya v. Sood*, 836 F.3d 800, 805 (7th Cir. 2016) ("[N]either a difference of opinion among medical professionals nor even admitted medical malpractice is enough to establish deliberate indifference."); *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990) ("If a plaintiff's disagreement with a doctor's professional judgment does not state a violation of the Eighth Amendment, then certainly no claim is stated when a doctor disagrees with the professional judgment of another doctor.").  Plaintiff does not contest that he has received multiple medical appointments under the care of correctional facility staff, and that his providers at the facility "independently determined" that he does not require a follow-up appointment with a surgeon.[9]  *See Porter v. Hemphil*, 244 F. App'x 568, 569 (5th Cir. 2007) (affirming district court's dismissal of prisoner deliberate indifference claim based on physicians' "failure to send him to a specialist" when "[h]e admit[ted] that [the physicians] did not deny him medical treatment").

---

[8]   *Id.* at 1-2.

[9]   R. Doc. 64 at 2.

Plaintiff's argument is merely that he agrees with the assessment of the doctor at the emergency room and disagrees with the determination of the doctors at the correctional facility. *See Lloyd v. Moats*, 721 F. App'x 490, 494 (7th Cir. 2017) (affirming dismissal of deliberate indifference claim on summary judgment because "neither [plaintiff]'s disagreement with his doctors nor any disagreement among the doctors, establishes deliberate indifference"). As the Court held in its order denying his application for injunctive relief, plaintiff's argument is insufficient to establish a likelihood of success on the merits for his deliberate indifference claim.

As to irreparable harm, plaintiff, for the first time, argues that because his jaw has improperly healed, he is at risk of severe injury resulting from aggression from other prisoners in the jail.[10] This argument is speculative. *See Macchione v. Coordinator Adm'r in Washington, D.C.*, 591 F. App'x 48, 50 (3d Cir. 2014) (finding prisoner failed to demonstrate likelihood of irreparable harm based on "broad assertion that he . . . is . . . in danger of being assaulted by other unidentified inmates); *Baird v. Hodge*, 605 F. App'x 568, 570 (7th Cir. 2015) (finding prisoner, a former police officer, failed to demonstrate likelihood of irreparable harm based on "contention that he is at risk of attack from any other of the more than 2,000 inmates at [the

---

[10]   R. Doc. 69 at 3-4.

correctional facility]").  Further, in his motion for reconsideration, plaintiff concedes that even if his jaw is improperly healed, it may be fixed at a later date.[11]  The Court finds that plaintiff has not shown that reconsideration of the Court's order denying his application for injunctive relief is warranted.

---

[11]      *Id.* at 3.

## III.  CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is

DENIED.

New Orleans, Louisiana, this ___1st___ day of August, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE