UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN JOINER | CIVIL ACTION |
| VERSUS | NO. 23-7144 |
| TAYLOR LEWIS, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is plaintiff's unopposed motion to certify final judgment.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

This case arises out of injuries following an alleged incident after a traffic stop.[2] Plaintiff John Joiner, proceeding *pro se*, alleges that he was in an altercation with police that led to a jaw injury.[3] He alleges that, during the course of receiving medical treatment, he was denied follow-up appointments and refused treatment, resulting in chronic pain.[4] Plaintiff filed a complaint in this Court, alleging violations of his Eighth Amendment

---

[1]   R. Doc. 99.
[2]   R. Doc. 1 at 5.
[3]   *Id.*
[4]   *Id.*

1

rights under 42 U.S.C. § 1983 against two police officers and two physicians, Dr. Gore and Dr. Ham.[5]

In May, the Court granted a motion by defendants Dr. Gore and Dr. Ham for summary judgment on plaintiff's Section 1983 claim.[6] Now, plaintiff moves the Court to enter final judgment on his Section 1983 claims against these defendants under Federal Rule of Civil Procedure 54(b).

The Court considers the motion below.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) permits the Court to direct entry of a "final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Williams v. Seidenbach*, 958 F.3d 341, 347 (5th Cir. 2020) (stating that the district court "should" enter a Rule 54(b) judgment provided "there is no just reason for delay") (quoting Fed. R. Civ. P. 54(b)). "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Rule 54(b) judgments are not favored and should be awarded only when necessary to

---

[5]   R. Doc. 1.
[6]   R. Doc. 97.

avoid "hardship or injustice through delay," and "should not be entered routinely as a courtesy to counsel." *Id.*

The first inquiry the Court must make is whether it is dealing with a "final judgment." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* Next, the Court must determine if there is any "just reason for delay," a determination that is within the sound discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). In making this determination, the district court must weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). A major factor the district court should consider is whether the appellate court "would have to decide the same issues more than once even if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

## III. DISCUSSION

As to the first requirement for Rule 54(b) certification, the Court finds that its grant of summary judgment against plaintiff on his Section 1983 claims against Dr. Gore and Dr. Ham is "an ultimate disposition" of those claims, and therefore meets the final-judgment test. *Curtiss-Wright Corp.*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 (1956)); *see Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 197 (5th Cir. 2011) ("This Court has long recognized that 'summary judgment is a final adjudication on the merits.'" (quoting *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 350 (5th Cir. 2001))); *see also Benton v. Hot Shot Express, a co. of Jones Motor Corp.*, 2003 WL 22232007, at *1 (N.D. Tex. Sept. 25, 2003) (finding that the order granting defendant's summary judgment is an ultimate disposition of plaintiff's claims to that defendant for the purposes of Rule 54(b)).

As to the second requirement, after weighing the appropriate factors, the Court finds that certification is not appropriate in this case. Plaintiff fails to demonstrate that "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *PYCA Indus., Inc.*, 81 F.3d at 1421 (holding that the district court abused its discretion by certifying an appeal without a finding of hardship). Plaintiff

4

first argues that certification may encourage settlement by helping the parties determine the value of the damages incurred by the alleged excessive force,[7] but this argument does not hold water. The case plaintiff quotes for this proposition does not contain any reference to settlement, and no part of what he quotes is included in the case or in any case the Court could find. Indeed, certification of final judgment is not intended to encourage the remaining parties in the case to settle.

Plaintiff also argues that the issues surrounding the other two defendants (the conduct of the police officers who allegedly used excessive force) do not affect the issues involving Dr. Gore and Dr. Ham (*i.e.*, the quality of defendant's medical care).[8] But "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp.*, 446 U.S. at 8. Though there are some disparate issues in plaintiff's claims against the police officers and his claims against the doctors, his Section 1983 suit is centered on his injured jaw. The extent of his injury is relevant to both matters and cannot be divorced from either one. Plaintiff's deliberate indifference claims against the doctors requires a showing that the

---

7    R. Doc. 99 at 2.
8    R. Doc. 99 at 2.

official knew a substantial risk of serious harm existed, and an "official's knowledge of a substantial risk of harm may be inferred if the risk was obvious." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Additionally, to show excessive force, a plaintiff must show "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Sam v. Richard*, 887 F.3d 710, 713 (5th Cir. 2018) (internal quotations omitted). Depending on the amount of force used, a *de minimis* injury may or may not be cognizable. *Id.* at 713–14. Therefore, should this matter be certified for final judgment, the appellate court may have to consider the extent of his jaw injury more than once. It is best to avoid piecemeal appeals in this instance, because the danger of denying justice by delay is low.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for entry of a final judgment.

New Orleans, Louisiana, this __7th__ day of July, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE