UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN JOINER                                            CIVIL ACTION

VERSUS                                                   NO. 23-7144

TAYLOR LEWIS, ET AL.                              SECTION "R" (4)

## ORDER AND REASONS

Before the Court is plaintiff's opposed[1] motion to lift the stay order.[2] For the following reasons, the Court denies the motion.

This case arises out of an alleged incident following a traffic stop.[3] Plaintiff John Joiner, proceeding *pro se*, alleges that he was in an altercation with police that led to a jaw injury.[4] He alleges excessive use of force during his arrest and seeks to recover under 42 U.S.C. § 1983 against two police officers, Taylor Lewis and Chance Cloud.[5]

The Court previously stayed plaintiff's excessive force claims against defendants Lewis and Cloud.[6] Plaintiff Joiner is a defendant in a pending Louisiana criminal trial. In June 2024, the Court held that there is some

---

[1]  R. Doc. 109
[2]  R. Doc. 99.
[3]  R. Doc. 1 at 5.
[4]  *Id.*
[5]  R. Doc. 1.
[6]  R. Doc. 72 at 7.

1

inevitable entanglement between the state court crimes charged and Joiner's excessive force claim.[7] Because of the relationship between the issues involved in this case and the state court case, the Court stayed the excessive force claims, to be reopened by plaintiff or defendants within 60 days of finality of Joiner's conviction or a favorable disposition of the state criminal charges.[8]

Joiner now moves to lift the stay.[9] He avers that both of his pending criminal cases, Case Nos. 1310-F-2023 and 1311-M-2023, have been fully adjudicated by dismissal of all charges.[10] But Joiner misunderstands the record. Case Nos. 1310-F-2023 and 1311-M-2023 were not dismissed; they were disposed of as a matter of procedure and combined with other criminal court proceedings in which Joiner is the defendant.[11] The Court did not stay plaintiff's case until Case Nos. 1310-F-2023 and 1311-M-2023 were dismissed. The Court stayed plaintiff's case until there was a disposition of the state criminal charges for (1) resisting a police officer with force or violence, (2) simple escape by intentional departure of a person from the

---

[7]   *Id.* at 3.
[8]   *Id.* at 7.
[9]   R. Doc. 104.
[10]  *Id.* at 1.
[11]  R. Doc. 109-1; R. Doc. 109-2; R. Doc. 109-3.

place of legal confinement, and (3) misdemeanor battery of a police officer.[12] Plaintiff's charges stemming from January 20, 2023, the date of the altercation in which plaintiff's jaw was allegedly injured, are now in Counts 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 of Case No. 5453-F-2023,[13] and Counts 1, 2, 3, 4, 5, 6, 7, and 14 of Case No. 5455-M-2023.[14] Specifically, Count 11 of Case No. 5453-F-2023 is for resisting a police officer with force or violence, Count 12 of Case No. 5453-F-2023 is for simple escape, and Count 14 of Case No. 5455-M-2023 is for battery of a police officer.[15]  These charges are still pending, and the stay is still in effect for the same reasons outlined in the Court's order staying plaintiff's claims.

For the foregoing reasons, the Court DENIES plaintiff's motion to lift the stay.

New Orleans, Louisiana, this __30th__ day of July, 2025.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[12]    R. Doc. 72 at 7.
[13]    R. Doc. 109-2 at 2–3.
[14]    R. Doc. 109-3 at 1–3.
[15]    R. Docs. 109-2 and 109-3.

3