UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN JOINER | CIVIL ACTION |
| VERSUS | NO. 23-7144 |
| TAYLOR LEWIS ET AL. | SECTION R (4) |

# ORDER AND REASONS

Before the Court is plaintiff's opposed[1] motion to lift the stay order.[2] For the following reasons, the Court orders defendants to submit a supplemental memorandum providing the information identified in this Order.

This case arises out of an alleged incident following a traffic stop.[3] On January 20, 2023, plaintiff John Joiner, proceeding *pro se*, was in an altercation with police that led to a jaw injury.[4] He alleges excessive use of force during his arrest and seeks to recover under 42 U.S.C. § 1983 against two police officers, Taylor Lewis and Chance Cloud.[5]

The Court previously stayed plaintiff's excessive force claims against defendants Lewis and Cloud because plaintiff was a defendant in a pending

1 R. Doc. 121.
2 R. Doc. 119.
3 R. Doc. 1 at 5.
4 *Id.*
5 R. Doc. 1.

Louisiana criminal trial.[6] In June 2024, the Court held that there was some inevitable entanglement between the state court crimes charged and plaintiff's excessive force claim here.[7] Because of the relationship between the issues involved in this case and the state court case, the Court stayed the excessive force claim, to be reopened by plaintiff or defendants within sixty days of finality of Joiner's conviction or a favorable disposition of the state criminal charges.[8]

On July 14, 2025, plaintiff filed a motion to lift the stay order, arguing that his state court case had been dismissed.[9] The Court denied plaintiff's motion, finding that his state court case had not been dismissed, but was rather combined with other criminal court proceedings in which Joiner was the defendant.[10] The Court found that the pending charges against Joiner still included (1) resisting a police officer with force or violence, (2) simple escape by intentional departure of a person from the place of legal confinement, and (3) misdemeanor battery of a police officer.[11] Thus, the Court denied plaintiff's motion.

---

6 R. Doc. 72.
7 *Id.* at 3.
8 *Id.* at 7.
9 R. Doc. 104.
10 R. Doc. 116.
11 *Id.*

Plaintiff now moves again for the Court to lift the stay.[12] Plaintiff claims that his pending state criminal cases have been fully adjudicated.[13] Defendants respond that plaintiff's criminal charges have not been fully adjudicated because, according to an email from the District Attorney's Office, Joiner has not yet been sentenced on a multiple offender bill of information.[14] Further, defendants aver that plaintiff had a hearing in state court for pending criminal charges related to this case on September 9, 2026.[15]

Based on the information before the Court, it is not clear whether plaintiff still has pending criminal charges that are inevitably entangled with plaintiff's excessive force claim. Defendants' reference to records that are not accessible to the Court is unhelpful.[16] Defendants must provide the Court with evidence of plaintiff's state court proceedings, the nature of the charges against him, and the outcome of plaintiff's September 9 hearing.

Thus, the Court ORDERS defendants to provide a supplemental memorandum by October 6, 2026, with evidence of plaintiff's state court

---

12 R. Doc. 119.
13 *Id.*
14 R. Doc. 121-1.
15 R. Doc. 121 at 2.
16 *Id.* at 2 n.6.

proceedings, the nature of the charges against him, and the outcome of plaintiff's September 9 state court hearing.

New Orleans, Louisiana, this 22nd day of September, 2026.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE